UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN WILLIAM CASSADAY,

      Plaintiff,                                                   Case No. 1:21-CV-713

v.                                                                  HON. GORDON J. QUIST

SPARROW HEALTH SYSTEM,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Kevin William Cassaday, filed this lawsuit against Sparrow Health System alleging various issues related to his medical treatment. On August 26, 2021, U.S. Magistrate Judge Phillip J. Green issued a Report and Recommendation (R & R), recommending that the Court dismiss Plaintiff's complaint for failing to state a claim. (ECF No. 7.) On September 1, 2021, Cassaday filed a document titled "In Response to Judge Green" in which he objects to the R & R. (ECF No. 8.) On October 4, 2021, Cassaday filed an amended complaint. (ECF No. 9.)[1]

The Court will first address Cassaday's purported objections. Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

---

[1] This case was initially assigned to U.S. District Judge Paul L. Maloney. On November 5, 2021, the case was reassigned to the undersigned under Local Rule 3.3.2(b). (ECF No. 12.)

In the instant case, the magistrate judge applied the correct legal standard when reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2).  The magistrate judge summarized the complaint and concluded that Plaintiff did not allege sufficient facts to state a claim.  Furthermore, Cassaday's objections are not specific because he fails to address any issue outlined in the R & R. Instead, he broadly complains about the health care and treatment he received from various doctors and other medical professionals. He further contends that the entire "system" is corrupt.  Because Cassaday has failed to state a claim upon which relief could be granted, the Court will adopt the R & R.

The Court must also address Cassaday's amended complaint.  Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to "amend a complaint once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, the complaint was never served, and the magistrate judge sua sponte recommended dismissal pursuant to 28 U.S.C. § 1915(e)(2). The Sixth Circuit has stated that district courts "have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." *McGore v. Wigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007); s*ee also Bright v. Thompson*, 467 F. App'x 462, 464 (6th Cir. 2012) ("The district court must dismiss a complaint without first affording a plaintiff leave to amend.").  In case with a similar procedural position, the Sixth Circuit noted that the plaintiff would have been permitted "to amend his complaint once as a matter of course, at least up until the magistrate judge issued the Report and Recommendation." *Moore v. Prevo*, 379 F. App'x 425, 428 (6th Cir. 2010). But, in the instant case, the magistrate

judge issued the R & R, and Cassaday already filed objections. Therefore, Cassaday could not amend his complaint as a matter of course.

Nonetheless, even if the Court considers the amended complaint, Cassaday still fails to state a claim. The majority of the amended complaint refers to citations of Michigan laws. Although Cassaday includes a few more details regarding his alleged inadequate medical treatment, these new allegations are rambling and confusing.  Simply, his allegations against Sparrow Health System fail "to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)).

**ACCORDINGLY, IT IS HEREBY ORDERED** that the August 26, 2021, Report and Recommendation (ECF No. 7) is **approved** and **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failing to state a claim.

**IT IS FURTHER ORDERED** that, for the reasons set forth in the R & R, the Court finds that any appeal would not be taken in good faith.

A separate judgment will enter.

Dated: December 16, 2021                             /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE